UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC T. MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-213 WL |
| | ) |
| WALTER E. MARTIN, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Eric T. Mitchell, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90 day loss of earned credit time on January 18, 2007 by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

In his amended petition, Mr. Mitchell states that he was charged with a violation of B-213 threatening/intimidation. Mr. Mitchell alleges that his due process rights were violated by the DHB because they did not grant him a continuance to "refresh or retain an accurate statement from a key part of my defense." (docket #4, page 4). Mr. Mitchell contends that he is still in the process of trying to obtain a statement from his old cell mate. *Wolff v. McDonnell*, 418 U.S. 539 (1974) does not require that inmates be given an unlimited amount of time to prepare their defense. Rather, under *Wolff*, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for

the appearance before the Adjustment Committee." *Id.* At 564. Here, Mr. Mitchell does not allege that he was not given at least twenty-four hours to prepare his defense. Rather, he wanted more time and is upset that the DHB would not grant him a continuance. However, this is not a due process violation. Furthermore, Mr. Mitchell is not alleging that the DHB denied him evidence. Rather, Mr. Mitchell's sole allegation is that the DHB abused its discretion in not granting a continuance. As previously stated, not granting a continuance is not a due process violation.

In his next argument, Mr. Mitchell contends that the prison policy regarding grievances was violated. This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these policies were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Mr. Mitchell then alleges that while investigating his grievances, the investigating officer used leading questions and then wrote up him for threatening/intimidation after Mr. Mitchell said that he would be fighting with his cell mate if one of them was not moved. The investigating officer's conduct is not attributable to any wrong doing on behalf of the DHB, and therefore, did not affect Mr. Mitchell's due process rights. However, even if the officer's conduct could be attributable to the DHB, the federal rules of evidence which prohibit the use of leading questions, except in certain circumstances, do not apply to DHB hearings.

Finally, Mr. Mitchell appears to argue that there was insufficient evidence to support the DHB's determination that he was guilty of threatening or

2

intimidation. Mr. Mitchell questions why, if he was a security threat, did they not place him in segregation. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989). Here, the DHB relied upon the conduct report, the grievance forms, and the emails to find Mr. Mitchell guilty.

3

(docket 1-7, page 2). The conduct report states that Mr. Mitchell had implied in a grievance that if he was not moved to a different cell, an altercation would ensue with his cell mate. (docket 1-5). This is some evidence to support the charge the Mr. Mitchell was guilty of threatening or intimidation.

For the foregoing reasons, the court **DISMISSES** the petition pursuant to Rule 4.

SO ORDERED.

ENTERED: June 21 , 2007.

                                               s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court